By the Court.
The village of Newcomerstown brought suit in the common pleas court of Tuscarawas county seeking to enjoin the defendants from discontinuing, or in any way impairing, the service of the Gas Company to the village and its inhabitants.
The Gas Company claims the right to discontinue -its service and withdraw from the village because there is no contractual obligation on its part binding it to render the service for any definite time. The court of common pleas granted a permanent injunction in favor of the village for a period of five years. The case was tried on appeal in the court of appeals, judgment was rendered dismissing the petition, and this proceeding is brought to reverse the judgment of the court of appeals.
The determination of the rights and liabilities of the parties involves the consideration of four ordinances passed by the village council and the conduct of the parties with reference to those ordinances. The dates of the ordinances in their chronological order are August 5, 1904, April 18, 1905, October 4, 1915, and July 29, 1918. The ordinance of 1904 granted to the Gas Company a franchise to use the streets of the village in the operation of its gas plant. No time for the duration of the ordinance was fixed by its terms. It contained a provision that the village would not within a period of ten years after the passage of *496 the ordinance require the Gas Company to sell its product to consumers for less than the rate specified in the ordinance. The company accepted the ordinance in writing, installed its plant, began to furnish gas to the inhabitants, and has continued to do so. In the following spring, April, 1905, the second ordinance was passed by the village, which modified the rate fixed by the ordinance of 1904 and made the modified rate effective for a period of ten years from the date of the second ordinance.
The passage of the first ordinance and its acceptance by the company constituted a contract between the parties. It was binding upon the parties as to the things specifically stated in it, but, as the duration of the franchise was not fixed by the terms of the contract, its duration is indeterminate, existing only so long as the parties mutually agree thereto. East Ohio Gas Co. v. City of Akron, 81 Ohio St. 33.
In April, 1915, the ten-year period for which the rates were fixed expired, and the defendant company continued in the operation of its plant under the ordinance until the 4th of October, 1915, when, the third ordinance was passed. This ordinance contained a grant to the company of the right to use the streets of the village for ten years from its passage, and also contained a provision fixing certain rates for gas which should not be decreased for a period of five years. It contained, by Section 9, the provision that “Said company shall, within thirty (30) days after the passage of this ordinance file with the clerk of said village its written acceptance of the terms and provisions *497 of this ordinance together with all the conditions and privileges therein contained.”
This ordinance was never accepted in writing by the company, but it is contended that inasmuch as the company continued to operate its plant' and furnish gas it is bound to continue. The company filed a schedule of rates with the Public Utilities Commission and service was continued by it at the new rates until the fourth ordinance was passed in 1918. But by the provisions of the fourth ordinance, passed in July, 1918, a rate was fixed which any person or company might charge to the village or the inhabitants or the consumers, that rate being 47 cents per thousand. After this ordinance was passed the company again filed a schedule of rates fixing the same rates the ordinance fixed.
It will be observed that the ordinance of October, 1915, provided for the written acceptance of its terms and provisions, together with all the conditions and privileges therein contained, within thirty days after the passage of the ordinance. No such acceptance was ever made by the company.
By the provisions of Section 3983, General Code, an ordinance fixing a rate for not exceeding ten years must be accepted in writing in order to constitute a binding contract. This ordinance contained the express provision that it should be accepted within thirty days, with all its terms and provisions, in writing. Therefore, there was no contract on the part of the company to furnish gas at the rate specified, and as the franchise in the streets was granted on the condition of the accept *498 anee of all the terms it cannot be said that there was a valid contract for a new franchise.,
Under these circumstances it must be said that under the rule laid down in Gas Co. v. Akron, supra, the parties were operating under the original franchise, whose duration was not fixed, but was indeterminate, existing only so long as the parties mutually agreed thereto.
It is contended on the part of the village that the ordinance of October, 1915, repealed by implication the ordinances of 1904 and 1905, but, as we have seen, the ordinance of 1915, by its express terms was precluded from taking- effect except on. the condition named; and, therefore, there could be no repeal by implication unless the conditions named in the ordinance of 1915 were complied with, which it is conceded was not done.
It is also contended that the filing of the schedule of rates with the commission amounted to an appeal under Section 614-44, General Code. No such complaint as contemplated by that section was filed. None of the steps looking to an appeal was taken and no action with reference to it was had before the commission. The filing of the schedule, so far as appears, was done by the company on the theory that as it had no contractual relations with the village, and had not accepted any of the proposals made to it by the village, it was its duty to file a schedule of rates which it would charge as long as it should exercise its indeterminate privilege, which would exist as long as the parties mutually agreed thereto.
*499 The ordinance of 1918 was merely a regulatory ordinance fixing the rate which any company could charge, and was - clearly within the power of the municipality under Section 3982, General Code. Therefore, the company was bound to accept that rate as long as it remained in the village.
It follows from what we have said that there is no binding contract between the village and the company for any determined period, and either party is at liberty at any time to terminate the contract.
The judgment of the court of appeals will be affirmed.

Judgment affirmed.

Jones, Matthias, Donahue and Robinson, JJ., concur.